IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**TOMÁS CINTRÓN-RIVERA**,

    Plaintiff,

    v.

**CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY**,

    Defendant.

Civil No. 14-1304 (BJM)

## OPINION AND ORDER

Tomás Cintrón-Rivera ("Cintrón") appeals the Commissioner's denial of his application for social security benefits, and brings a motion to remand under the Social Security Act, as amended. 42 U.S.C. §§ 405(g), 423. The Commissioner found Cintrón was engaged in substantial gainful activity after deducting his impairment-related work expenses ("IRWEs"). Tr. 4, 25. Cintrón seeks reversal of that decision, an award of disability benefits, and to remand the case so new evidence of his IRWEs may be considered. Docket Nos. 1, 20. The Commissioner answered the complaint, opposed the motion, and moved to affirm the Commissioner's decision. Docket Nos. 15, 23. The parties consented to magistrate judge jurisdiction. Docket No. 4.

For the reasons set forth below, Cintrón's motion is **DENIED** and the Commissioner's decision is **AFFIRMED**.

## STANDARD OF REVIEW

After reviewing the pleadings and record transcript, the court has "the power to enter a judgment affirming, modifying, or reversing the decision of the Commissioner." 20 U.S.C. § 405(g). The court's review "is limited to determining whether the Commissioner and her delegates employed the proper legal standards and found facts upon the proper quantum of evidence." *Manso-Pizarro v. Sec'y of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). The Commissioner's findings of fact are conclusive

Cintrón-Rivera v. Colvin, Civil No. 14-1304 (BJM)                                                                                                      2

when supported by substantial evidence, but not when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts. *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999). "Substantial evidence means 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Visiting Nurse Ass'n Gregoria Auffant, Inc. v. Thompson*, 447 F.3d 68, 72 (1st Cir. 2006) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). The court "must affirm the [Commissioner's] resolution, even if the record arguably could justify a different conclusion, so long as it is supported by substantial evidence." *Rodriguez Pagan v. Sec'y of Health & Human Servs.*, 819 F.2d 1, 3 (1st Cir. 1987).

A claimant is disabled under the Act if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Under the statute, a claimant is unable to engage in any substantial gainful activity when he "is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Id.* § 423(d)(2)(A).

To determine whether a claimant is disabled, the Commissioner must employ a five-step sequential analysis and consider all record evidence. 20 C.F.R. §§ 404.1520, 404.1520(a)(3); *see Bowen v. Yuckert*, 482 U.S. 137, 140–42 (1987); *Goodermote v. Sec'y of Health & Human Servs.*, 690 F.2d 5, 6–7 (1st Cir. 1982). The Commissioner first determines whether the claimant is currently engaged in "substantial gainful activity." If so, the claimant is not disabled. 20 C.F.R. § 404.1520(b). Second, the Commissioner determines whether the claimant has a medically severe impairment or combination of impairments. *Id.* § 404.1520(c). If not, the disability claim is denied. Third, the Commissioner decides whether the claimant's impairment is equivalent to a specific list of impairments contained in the regulations' Appendix 1, which the Commissioner

acknowledges are so severe as to preclude substantial gainful activity. *Id.* §§ 404.1520(d); 404, subpt. P app. 1. If the claimant's impairment meets or equals one of the listed impairments, she is conclusively presumed to be disabled. If not, the evaluation proceeds to step four, where the administrative law judge ("ALJ") assesses the claimant's residual functional capacity [1] ("RFC") and determines whether the impairments prevent the claimant from doing the work he previously performed. If the claimant can perform his previous work, he is not disabled. *Id.* § 404.1520(e). If he cannot, the fifth and final step asks whether the claimant can perform other work available in the national economy in light of his RFC, age, education, and work experience. If he cannot, then he is entitled to disability benefits. *Id.* § 404.1520(f).

The claimant has the burden of proof in steps one through four. *Santiago v. Sec'y of Health & Human Servs.*, 944 F.2d 1, 5 (1st Cir. 1991). That burden satisfied, the Commissioner has the burden in step five. *Ortiz v. Sec'y of Health & Human Servs.*, 890 F.2d 520, 524 (1st Cir. 1989).

## BACKGROUND

*Procedural History*

Cintrón applied for Title II social security disability benefits in February 2011, claiming he met the criteria for statutory blindness.[2] Tr. 89–90. His application was denied initially and again on reconsideration because he was engaged in substantial gainful activity. Tr. 25–27. Cintrón requested a hearing before an administrative law judge, which was held in April 2012. Tr. 379. After the hearing, the ALJ denied his application for benefits. Tr. 22–25. Cintrón appealed that decision to the Appeals Council.

---

[1] An individual's residual functional capacity is his ability to do physical and mental work activities on a sustained basis despite limitations from his impairments. 20 C.F.R. §§ 404.1520(e), 404.1545(a)(1).

[2] Cintrón received social security benefits because of his blindness from 1992 until 2001, when the Commissioner ceased his benefits because he was engaged in substantial gainful activity. Tr. 23.

Cintrón-Rivera v. Colvin, Civil No. 14-1304 (BJM)                                                                                    4

Tr. 10. The Appeals Council denied his request for review in February 2014, making the ALJ's decision the Commissioner's final decision. Tr. 4.

*Evidence of Substantial Gainful Activity*

Cintrón has worked as a special education teacher for the Puerto Rico Department of Education since 2000, and since 2010 has earned $2,430 per month. Tr. 23. Cintrón admitted he earned that amount in the "work activity report" he submitted, and his paystubs confirm the same. Tr. 137, 214–75. When Cintrón applied for benefits, a blind person earning over $1,640 was engaged in "substantial gainful activity," as defined by the regulations.[3]

The ALJ reduced the total amount of Cintrón's earnings by deducting the IRWEs that he attached to his work activity report.[4] Tr. 23. An IRWE is an "expense for an item or service which is directly related to enabling a person to work and which is necessarily incurred by that person because of a physical or mental impairment."[5] The ALJ deducted (1) 112.50 for transportation, (2) $15.00 for medication, (3) $450 for payments to his assistants, (4) $42 for his work-related cellphone payment,[6] (5) $40 for uniforms, and (6) $42 for technological equipment.[7] Tr. 23. Of these alleged IRWEs, the record contains evidence of his cellphone payments and medication. Tr. 189, 201–02. Evaluating the evidence in the light most favorable to Cintrón, the ALJ nonetheless deducted all the IRWEs alleged in the attachment to his work activity report, which totaled $705.50. Tr.

---

[3] 20 C.F.R. § 404.1584(d); Soc. Sec. Admin., DI 10501.015, Program Operations Manual System: Tables of SGA Earnings Guidelines and Effective Dates Based on Year of Work Activity (2014).

[4] 20 C.F.R. § 404.1576(a).

[5] Soc. Sec. Admin., DI 10520.010(A), Program Operations Manual System: Definitions (2015); *see also* 20 C.F.R. § 404.1576(a).

[6] The ALJ and the claims representative state they allowed Cintrón to deduct $42 for his cellphone payment. Tr. 23, 37. The record indicates Cintrón claimed $46 for this payment. Tr. 145. The total amount of $705.50 appears to incorporate the latter amount, making the $42 stated in the ALJ's decision a harmless clerical error. *See* Tr. 23, 37.

[7] It appears the claims representative and the ALJ arrived at the rounded figure of $42 by dividing the $500 Cintrón claimed he spent annually on technology by twelve months. *See* Tr. 23, 37, 145.

23, 145. After doing so, the ALJ found Cintrón's monthly earnings were $1,724.50. Tr. 25. Because these monthly earnings exceeded the substantial-gainful-activity level set by the regulations, the ALJ found he was not disabled and denied his application for benefits. *Id.*

The ALJ did not consider additional IRWEs that Cintrón claimed in his motion requesting an administrative hearing. Tr. 24, 86. The ALJ noted that Cintrón had been specifically notified that he was required to submit evidence of all IRWEs, and that his counsel was granted additional time to submit such evidence. Tr. 22, 169. Cintrón waived his right to appear before the ALJ, and agreed to have his case adjudicated according to the documentary evidence in the record. Tr. 85. Cintrón's counsel confirmed that decision during the administrative hearing. Tr. 375. The IRWEs the ALJ did not consider included (1) a one-time fee of $995 for "JAWS" and "Open Book" software, (2) $150 for annual updates to the software, (3) $300 for installing "Talks" a software application on his phone, and (4) $50 for canes. Tr. 24. The ALJ reasoned that "assigning monthly values to [Cintrón's] computerized software, cellular equipment and readers' services, would constitute speculation." Tr. 24.

After the ALJ's decision, Cintrón received instructions on filing an appeal that explained, among other things, that he could submit new evidence. Tr. 19–20. Cintrón appealed the ALJ's decision to the Appeals Council without submitting new evidence, arguing he was "not satisfied" with the ALJ's decision because it was not "sustained by the evidence in the record." Tr. 18.

***New Evidence***

In addition to seeking a reversal of the Commissioner's decision, Cintrón moved to remand the case to introduce receipts of five transactions. Docket No. 20-1. The transactions include payments of $17.83, $271.27, $500, $26.73, and $362.77 that he made between November and December 2011. *Id.* Cintrón does not explain how these

receipts demonstrate that he purchased items that qualify as IRWEs, and some of the receipts do not describe the item or items he purchased.

## DISCUSSION

Cintrón challenges the Commissioner's determination that he is not disabled. Because the Commissioner arrived at this conclusion by finding Cintrón was engaged in substantial gainful activity, this opinion is limited to addressing the merits of Cintrón's motion to remand, and to determining whether substantial evidence supported the Commissioner's decision.

**I. Remand**

A claimant has the burden to satisfy two statutory requirements to remand a case under sentence six of § 405(g): he must (1) present new, material evidence, and (2) have "good cause" for failing to present the evidence to the Commissioner. 42 U.S.C. § 405(g); *Evangelista v. Sec'y of Health & Human Servs.*, 826 F.2d 136, 139 (1st Cir. 1987); *Rawls v. Apfel*, 998 F. Supp. 70, 75 (D. Mass. 1998). "Congress plainly intended that remands for good cause should be few and far between." *Evangelista*, 826 F.2d at 141.

To show good cause, the claimant must give a valid reason for his failure to incorporate the proffered evidence into the administrative record. *Oliver v. Sec'y of Health & Human Servs.*, 804 F.2d 964, 966 (6th Cir. 1986). An applicant can generally show "good cause" if the proffered evidence was unavailable at the time of the administrative proceeding. *Bilodeau v. Shalala*, 856 F. Supp. 18, 20–21 (D. Mass. 1994). But "good cause" does not exist where the applicant was represented by counsel during the administrative proceedings, the evidence was available at that time, and counsel failed to incorporate the evidence into record. *Torres v. Harris*, 502 F. Supp. 518, 527 (E.D. Pa. 1980). In *Torres*, the court denied a blind claimant's motion to remand where he was represented by counsel during the administrative proceedings and attempted to introduce a physician's report that existed prior to the hearing before the ALJ. *Id.* The *Torres* court

reasoned that good cause did not exist because the blind claimant's attorney could have obtained the proffered evidence and incorporated it into the record. *Id.*

Cintrón seeks to have the Commissioner consider receipts of five payments that he made between November and December 2011. He claims good cause exists for failing to incorporate these receipts into the record because he "is a blind person [and] was totally dependent [on] the help of other people so as to be able to find the evidence which no one could obtain at the time of prior proceeding." Pl.'s Mot. Remand 8 n.19. Even assuming the materiality of this proffered evidence, Cintrón's reason for failing to incorporate it into the record is insufficient to establish good cause. While Cintrón states that "at this time" his helpers found the receipts, the payments were made in 2011, were available prior to the ALJ hearing in April 2012, and could have been included in the record by Cintrón's counsel. As in *Torres*, where the court did not find good cause where a blind claimant—represented by counsel—failed to incorporate existing evidence into the record, Cintrón has not demonstrated good cause. 502 F. Supp. at 527.

In addition, Cintrón was notified that he could submit new evidence to the Appeals Council, yet failed to do so. At that point, he could have submitted new, material evidence without showing good cause. *Robbins v. Barnhart*, 205 F. Supp. 2d 1189, 1199 (D. Kan. 2002) ("The regulations allow a claimant, without a showing of 'good cause,' to submit new and material evidence [to] the Appeals Council"); 20 C.F.R. § 404.970(b). Moreover, Cintrón conclusorily states that "no one could obtain [the evidence] at the time of the prior proceeding," but does not explain the reason why these receipts were previously unavailable. *Lisi v. Apfel*, 111 F. Supp. 2d 103, 109 (D.R.I. 2000) ("bald allegation in [claimant's] brief that the medical record was 'lost' insufficient to establish good cause"). Finally, though "good cause" may exist when a claimant successfully argues he had ineffective assistance of counsel during the administrative proceedings, Cintrón makes no such claim here. *Tillman v. Weinberger*, 398 F. Supp. 1124, 1130 (N.D. Ind. 1975) ("Remand is proper in cases involving ineffective representation."). Because

Cintrón has not demonstrated good cause to remand this case to the Commissioner, his motion is denied.

## II. Substantial Gainful Activity

The Social Security Act provides that an individual who is engaged in substantial gainful activity is not entitled to disability benefits. 42 U.S.C. § 423(e). The regulations under the Act establish a series of hurdles that an applicant must surmount before establishing eligibility for benefits. 20 C.F.R. § 404.1520. If a claimant's work activity qualifies as "substantial gainful activity," then the Commissioner will find under step one of the evaluation process that the claimant is not disabled. *Id.* § 416.920(a)(4)(i). "Substantial work activity" is defined in the regulations as work that "involves doing significant physical or mental activities" and "is the kind of work usually done for pay or profit." *Id.* §§ 416.972(a), (b).

The primary method for determining whether the claimant is engaged in substantial gainful activity is to review his gross earnings. *Id.* § 404.1572(a)(2). The regulations currently dictate "different earnings guidelines" for blind and nonblind claimants, allowing blind claimants to have higher earnings before exceeding the level at which they will be considered engaged in substantial gainful activity. *Compare id.* § 404.1584(d)(3), *with id.* § 404.1574(b)(2). IRWEs are deducted from a claimant's earnings before determining whether his monthly earnings exceed the substantial-gainful-activity level. *Id.* § 404.1576(a).

The ALJ found Cintrón has earned $2,430 per month since 2010 working as a teacher for the Puerto Rico Department of Education. Tr. 25. Substantial evidence supports that finding because Cintrón admitted he earned that amount in an attachment to his work activity report, and his paystubs confirm the same. Tr. 146, 214–75.

Cintrón claimed various IRWEs in his work activity report. Tr. 86, 145. The record contains evidence of his monthly cellphone and medication payments. Tr. 189, 201–02. Evaluating the record evidence in the light most favorable to Cintrón, the ALJ

deducted all the expenses in the attachment to his work activity report, which totaled $705.50. After deducting these expenses, the ALJ determined Cintrón earned $1,724.50 per month.

In 1996, the level at which a blind claimant was considered to be engaged in substantial gainful activity was set at $960 per month. 20 C.F.R. § 404.1584(d)(3) tbl.1. The regulations provide that "beginning with 1996, increases in the substantial gainful activity amount have depended only on increases in the national average wage index." *Id.* § 404.1584(d)(3). The Commissioner has prepared guidelines that establish the substantial-gainful-activity level since 1996. SOC. SEC. ADMIN., DI 10501.015, PROGRAM OPERATIONS MANUAL SYSTEM: TABLES OF SGA EARNINGS GUIDELINES AND EFFECTIVE DATES BASED ON YEAR OF WORK ACTIVITY (2014). When Cintrón applied for benefits, the guidelines set the substantial-gainful-activity level for blind individuals at $1,640 per month. *Id.* Because Cintrón's monthly earnings of $1,724.50 exceeded the substantial-gainful-activity level established for 2010 and 2011, the ALJ correctly found he was not disabled. Tr. 25.

To be sure, the ALJ refused to consider some IRWEs Cintrón claimed in his motion requesting an administrative hearing. These alleged IRWEs included a one-time fee of $995 for "JAWS" and "Open Book" software, $150 for annual updates to the software, $300 for installing the "Talks" a software application on his phone, and $50 for canes. Tr. 24, 86–87. The ALJ correctly refused to consider these alleged expenses because Cintrón did not provide proof that he made these payments. 20 C.F.R. § 404.1576(g) (claimant will "be asked to provide proof that [he] paid for the items or services"); *Madrick v. Shalala*, 885 F. Supp. 182, 184 (N.D. Iowa 1995). In *Madrick*, the court rejected the claimant's assertion that the Commissioner's requirement of submitting proof of payment was unreasonable and refused to deduct the IRWEs for which the claimant provided no proof of payment. 885 F. Supp. at 184–85. Similarly, the record here contains evidence of advertisements for some of the products Cintrón alleges he

purchased, but is devoid of receipts or other proof that he actually paid for these products. Tr. 207–13, 276–371.

Cintrón had the burden to establish he was not engaged in substantial gainful activity by submitting evidence of all IRWEs. *Santiago*, 944 F.2d at 5; *see also Lashley v. Sec'y of Health & Human Servs.*, 708 F.2d 1048, 1051–52 (6th Cir. 1983) ("Only under special circumstances—when a claimant is without counsel, not capable of presenting an effective case, and unfamiliar with hearing procedures—does the ALJ has a special duty to develop the record."). He waived his right to appear at the administrative hearing and agreed to have his case adjudicated according to the documentary evidence in the record. Tr. 85. His counsel confirmed that decision during the administrative hearing. Tr. 375. Additionally, he was notified that evidence of his IRWEs was lacking in the record, and the ALJ granted his counsel additional time to submit such evidence. Tr. 167, 169. Cintrón was thus afforded a meaningful opportunity to submit the necessary evidence and did not meet his burden to do so. The ALJ's findings were thus supported by substantial evidence, and the Commissioner's decision is affirmed.

## CONCLUSION

For the foregoing reasons, Cintrón's motion to remand is **DENIED** and the Commissioner's decision is **AFFIRMED**.

**IT IS SO ORDERED.**
In San Juan, Puerto Rico, this 11th day of September 2015.

*S/ Bruce J. McGiverin*
BRUCE J. MCGIVERIN
United States Magistrate Judge